# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

**JESSE JAMES CRUZ REYES**,

Plaintiff,

vs.

**UNITED STATES OF AMERICA; THE DEPARTMENT OF THE NAVY; DCK PACIFIC GUAM, LLC,** *f/k/a* **DICK PACIFIC CONSTRUCTION CO.; GUAM INSURANCE ADJUSTERS, INC.;** *and* **DOE DEFENDANTS 1-98,**

Defendants.

Civil Case No. 08-00005

**OPINION AND ORDER RE: MOTION FOR SUMMARY JUDGMENT**

Before the court is the "Motion for Summary Judgment" filed by Defendant GUAM INSURANCE ADJUSTERS, INC. *See* Docket No. 46. For the reasons given below, the court **GRANTS** that motion in its entirety.

## I. BACKGROUND

The facts in this case are as follows. JESSE JAMES CRUZ REYES ("Plaintiff") worked as a construction laborer for Defendant DCK PACIFIC GUAM, LLC ("DCK"), formerly known as DICK PACIFIC CONSTRUCTION CO. ("Dick Pacific"). DCK had assigned Plaintiff to work on a project at Naval Base Guam. On or about May 17, 2006, Plaintiff fell off a scaffold, from a height of approximately 15 to 30 feet, onto a concrete surface. He suffered various head injuries, including skull fractures. He claims to be permanently and totally disabled.

\\

\\

The operative complaint in this case is the Second Amended Complaint ("the Complaint"). *See* Docket No. 40.[2] Defendants UNITED STATES OF AMERICA ("the United States") and DEPARTMENT OF THE NAVY ("the Navy") have answered the Complaint (*see* Docket No. 44), as has Defendant TERRACE GUAM, LTD. ("Terrace") (*see* Docket No. 52).

On May 27, 2010, Defendant GUAM INSURANCE ADJUSTERS, INC. ("GIA") moved for summary judgment. *See* Docket No. 46 ("the Motion"); *see also* Docket Nos. 47, 48, 58, 59, 61 (related filings).

## II. JURISDICTION AND VENUE

Plaintiff's claims against the United States are within the court's exclusive jurisdiction. *See* 28 U.S.C. § 1346(b)(1). All remaining claims are within the court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Venue is proper in this judicial district because Plaintiff is a resident of the District of Guam and the acts and omissions complained of also occurred within the District of Guam. *See* 28 U.S.C. § 1402(b).

## III. APPLICABLE STANDARDS

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2).

A fact is "material" if it might affect the outcome of the suit under the governing substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Id.* at 252.[3]

When the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden. *See Celotex Corp. v. Catrett*, 477 U.S.

---

[2] Plaintiff has requested a jury trial, but is not entitled to one. *See* 28 U.S.C. § 2402.

[3] The court applies Guam substantive law but federal procedural law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426-28 (1996). As such, federal standards determine whether the evidence is sufficient to raise a question for the trier-of-fact. *See Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir. 1994).

317, 324 (1986). To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must present affirmative evidence sufficiently probative such that a jury reasonably could decide the issue in favor of the opponent. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

The term "sufficiently probative" means that the opposing party's evidence must be sufficient to create a genuine issue of fact that is material to the outcome of the suit, whether or not it has the burden of proof at trial. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1340 (9th Cir. 1987).

In sum, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87.

## IV. DISCUSSION

Plaintiff does not allege that GIA *itself* harmed him. *See generally* Docket No. 40. Rather, Plaintiff has sued GIA on the theory that it is an *insurer* of an entity that, he alleges, *did* harm him—namely, his then-employer, DCK. *See id*. at ¶6.

On this theory, Plaintiff can name GIA in this lawsuit because of Guam's direct-action statute. *See* 22 G.C.A. § 18305. Section 18305 gives a person who is suing on a policy of liability insurance "a right of direct action against the insurer within the terms and limits of the policy . . . provided that the cause of action arose in Guam." *Id*. Thus, the naming of GIA in this lawsuit is permissible *only if* GIA is truly an "insurer" within the meaning of the direct-action statute.

### A. Definitions

For purposes of Guam's direct-action statute, certain definitions obtain. The word "insurer" means "the person who undertakes to indemnify another by insurance," where "insurance" means "a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from contingent or unknown events." 22 G.C.A. §§ 12104(q), -(r). The word "adjuster" means "any person who acts for or on behalf of an insurer or an insured in determining and making settlement of the amount payable to the insured for any loss or damage under a policy." *Id*. § 12104(e).

Thus, for purposes of the direct-action statute, an "adjuster" is distinct from an "insurer." GIA argues that it is an "adjuster," not an "insurer." If GIA is correct, then Plaintiff's action against it is unfounded, and summary judgment in its favor is appropriate.

**B.     Evidence**

In support of its argument, GIA adduces several pieces of evidence. First, it has excerpts of the January 6, 2010 deposition of Keith Young Yoo. *See generally* Docket No. 46 at 7-35. Yoo is the "Property and Casualty Claims Supervisor" for GIA. *See id*. at 13:1-5. During direct examination by Plaintiff's lawyer, Yoo stated that Terrace is the captive insurer of Dick Pacific (*id.* at 21:4-23); that Terrace rather than GIA issues the checks that constitute insurance payments (*id*. at 22:11-21); that GIA is a third-party administrator of the worker's compensation claims filed by Dick Pacific (*id*. at 23:13-22); and that GIA is an adjusting company that handles worker's compensation claims for Dick Pacific (*id*. at 25:5-15). Second, GIA has the "Declaration of Henry L. Metcalfe," GIA's General Manager. *See* Docket No. 47. Metcalfe corroborates Yoo, stating that GIA is an adjuster, not an insurance carrier, and that it has never issued an insurance policy to anyone, including DCK. *See id*. at ¶¶3-5. Third, GIA proffers its Articles of Incorporation and its 2009 Annual Report, which both indicate that GIA is in "the business of insurance adjustment," as well as "such other business as may be delegated to it by insurance companies. *See* Docket No. 61 at 6-9. Finally, GIA proffers some copies of some checks made out to Plaintiff. *See id*. at 10-12. These checks also corroborate Yoo, in that they list Terrace rather than GIA as the payor. *See id*.

In opposition, Plaintiff adduces two sets of documents. First, he has a set of "Health Insurance Claim" forms. *See* Docket No. 59 at 3-13. These documents were produced by GIA's custodian of records. *See id*. at 1, ¶2. It is not clear who completed these forms, but they all pertain to Plaintiff. *See id.* at 3-13. And in all of them, Box 11(c), titled "INSURANCE PLAN NAME OR PROGRAM NAME," reads either "WC-GUAM INSURANCE ADJUSTERS" or "Guam Insurance Adjusters Inc." *Id.* Second, Plaintiff has a set of forms with "WORKER'S COMPENSATION COMMISSION" at the top. *See id*. at 14-24. These documents were produced by DCK's custodian of records. *See id*. at 2, ¶3. Once again, it is not clear who completed these forms—some appear

1 to have been completed by physicians, while some appear to have been completed by DCK's safety
2 manager—but they all pertain to Plaintiff. *See id*. at 14-24. Each of these documents has a box titled
3 either "Name & address of Insurance Carrier to whom COPY of your report and BILL are to be
4 sent," or "Name of insurance carrier." *Id*. GIA is named in each of these boxes, as "Guam Insurance
5 Adjusters, Inc." or as "Guam Insurance Adjusters." *Id*.

### C. Assessment

The fact in dispute is whether GIA is an "insurer" within the meaning of Guam's direct-action statute—which fact is "material" because GIA *must* be an "insurer" in order for Plaintiff's action against it to be authorized. *See* 22 G.C.A. § 18305. Plaintiff bears the burden of proof on this issue, because establishing it is (obviously) an essential predicate of Plaintiff's action. *See* Docket No. 40 at ¶6.

GIA has carried its initial burden. GIA has indicated that there is no evidence that it had issued an insurance policy to DCK that was in force on the date of Plaintiff's injury. *See* Docket No. 46 at 2:24-3:4. GIA argues that this lack of evidence makes sense because it is not an insurance company, and has never issued any insurance policy to anyone—let alone to DCK. *See id*. GIA has also proffered evidence that, taken together, affirmatively shows that it is an adjuster rather than an insurer, and that Defendant Terrace is DCK's insurer. *See* Docket No. 46 at 7-35 (deposition of Keith Young Yoo); Docket No. 61 at 6-7 (articles of incorporation), 8-9 (2009 annual report), 10-12 (checks from Terrace to Plaintiff).

Plaintiff, for his part, has not carried his burden. In its best light, all that Plaintiff's evidence shows is that some people—whoever filled out the forms—think that GIA is an insurer. *See* Docket No. 59 at 3-13, 14-24. This is not strong evidence of GIA's true nature as a business entity, though. Plaintiff's evidence is also fully consistent with GIA being an adjuster rather than an insurer. In each case, GIA's full name was listed, which identifies it as an adjuster. *See id*. Moreover, it makes *sense* that GIA would be listed as it was: given what an adjuster does, many forms related to the processing of insurance claims would naturally go to the adjuster, rather than to the insurer. It is simply in the nature of the business of adjustment. *See* 22 G.C.A. § 12104(e).

Plaintiff suggests that summary judgment may be premature. *See* Docket No. 58 at 2:19-3:24. He states that he "requires further discovery on the issue of GIA's relationship with DCK and intends to submit discover[y] requests and to depose DCK and GIA representatives regarding this relationship." But Plaintiff's lawyer has already deposed GIA representative Keith Young Yoo "regarding this relationship." As stated above, during direct examination by Plaintiff's lawyer, Yoo stated that Terrace is the captive insurer of Dick Pacific (*id.* at 21:4-23); that Terrace rather than GIA issues the checks that constitute insurance payments (*id*. at 22:11-21); that GIA is a third-party administrator of the worker's compensation claims filed by Dick Pacific (*id*. at 23:13-22); and that GIA is an adjusting company that handles worker's compensation claims for Dick Pacific (*id*. at 25:5-15). Plaintiff also now has the declaration of GIA's General Manager, Henry L. Metcalfe, which states that GIA is an adjuster, not an insurance carrier, and that it has never issued an insurance policy to anyone, including DCK (*see* Docket No. 47), as well as GIA's Articles of Incorporation and 2009 Annual Report, which both indicate that GIA is in "the business of insurance adjustment" (*see* Docket No. 61 at 6-9). Given all this, the court finds Plaintiff's concerns unpersuasive and sees no reason to defer summary judgment on this issue.

In short, the record, taken as a whole, could not lead a rational trier of fact to find that GIA is an "insurer" within the meaning of Guam's direct-action statute. *See Matsushita*, 475 U.S. at 586-88. A rational trier of fact could only find that GIA is an "adjuster," rather than an "insurer"—a distinction Guam law observes, which prohibits Plaintiff from suing GIA under the direct-action statute. *See* 22 G.C.A. §§ 12104(e), -(q), -(r). As such, summary judgment for GIA is appropriate.

## V.   CONCLUSION

For the reasons set forth above, the Motion is hereby **GRANTED**. Accordingly, it is hereby **ORDERED** that judgment be entered in GIA's favor.

**SO ORDERED**.



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Dec 13, 2010**