# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| **JESSE JAMES CRUZ REYES**, | Civil Case No. 08-00005 |
| Plaintiff, | |
| vs. | |
| **UNITED STATES OF AMERICA; THE DEPARTMENT OF THE NAVY; DCK PACIFIC GUAM, LLC,** *f/k/a* **DICK PACIFIC CONSTRUCTION CO.; GUAM INSURANCE ADJUSTERS, INC.;** *and* **DOE DEFENDANTS 1-98,** | **OPINION AND ORDER RE: MOTION TO DISMISS** |
| Defendants. | |

Before the court is the "Motion to Dismiss" filed by Defendant DCK PACIFIC GUAM, LLC. *See* Docket No. 50. For the reasons given below, the court hereby **GRANTS** that motion in its entirety.

## I.    BACKGROUND

The facts in this case are as follows.[1] JESSE JAMES CRUZ REYES ("Plaintiff") worked as a construction laborer for Defendant DCK PACIFIC GUAM, LLC ("DCK"), formerly known as DICK PACIFIC CONSTRUCTION CO. ("Dick Pacific"). DCK had assigned Plaintiff to work on a project at Naval Base Guam. On or about May 17, 2006, Plaintiff fell off a scaffold, from a height of approximately 15 to 30 feet, onto a concrete surface. He suffered various head injuries, including skull fractures. He is permanently and totally disabled.

---

[1] This statement of facts is based on the complaint. *See* Docket No. 1. On a motion to dismiss, the court takes as true all factual allegations underlying or contained in the claims under attack. *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

The operative complaint in this case is the Second Amended Complaint ("the Complaint"). *See* Docket No. 40.[2] Defendants UNITED STATES OF AMERICA ("the United States") and DEPARTMENT OF THE NAVY ("the Navy") have answered the Complaint (*see* Docket No. 44), as has Defendant TERRACE GUAM, LTD. ("Terrace") (*see* Docket No. 52).

On June 1, 2010, DCK moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Docket No. 50 ("the Motion"); *see also* Docket Nos. 51, 56, 60, 63 (related filings). Defendant GUAM INSURANCE ADJUSTERS, INC. ("GIA") joined the Motion. *See* Docket No. 56. However, GIA has exited this litigation by obtaining summary judgment. *See* Docket No. 74. Accordingly, the Motion is considered only as to DCK. *See* FED. R. CIV. P 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

## II. JURISDICTION AND VENUE

Plaintiff's claims against the United States are within the court's exclusive jurisdiction. *See* 28 U.S.C. § 1346(b)(1). All remaining claims are within the court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Venue is proper in this judicial district because Plaintiff is a resident of the District of Guam and the acts and omissions complained of also occurred within the District of Guam. *See* 28 U.S.C. § 1402(b).

## III. APPLICABLE STANDARDS

A pleading that states a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a Defendant to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

Although a complaint does not need "detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And although the court "must take all of the factual

---

[2] Plaintiff has requested a jury trial, but is not entitled to one. *See* 28 U.S.C. § 2402.

allegations in the complaint as true, [the court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009) (quotation marks omitted). So, to survive a 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)).

*Iqbal* suggests a two-step process for determining whether a motion to dismiss should be granted. The first step is to "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S. Ct. at 1950. These are to be discarded. *See id*. After discarding those unsupported legal conclusions, the second step is to take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

As for the meaning of the term "plausibly," "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

This standard

> . . . is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. And this standard applies to "all civil actions." *Id*. at 1953.

In short, "a complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face.'" *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

\\
\\
\\

## IV. DISCUSSION

DCK argues that the Complaint should be dismissed in its entirety. Specifically, DCK argues that the intentional tort claims should be dismissed because they are inadequately plead (*see*, *e.g.*, Docket No. 51 at 3:5-5:24), while all other claims should be dismissed because they barred by Guam's Worker's Compensation Law ("WCL")[3] (*see*, *e.g.*, Docket No. 50 at 1:25-28; Docket No. 63 at 1:21-2:8).

### A. Counts I-III

Counts I-III allege negligence in various forms.

When a claimant is compensated under Guam's WCL for "accidental injury or death arising out of and in the course of employment," that compensation functions as an "exclusive" remedy, and preempts "all other liability of such employer to the employee, . . . or anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such [accidental] injury or death." 22 G.C.A. §§ 9103(m), 9106. Thus, "[i]f the employer has obtained the coverage prescribed by the statute[,] then the liability of the employer for compensation is *exclusive and in place of all other liability of such employer to the employee*." *Villalon v. Hawaiian Rock Products, Inc.*, 2001 Guam 5 at ¶10 (emphasis added).[4] Conversely, "if any employer fails to secure payment of compensation as required by this Title, an injured employee . . . any [*sic*; should probably be "may"] elect to claim compensation under this Title, *or to maintain an action at law . . . for damages on account of such injury . . . .*" 22 G.C.A. § 9106 (emphasis added).

Plaintiff states that DCK is, or was at the relevant time, his employer. *See* Docket No. 40 at ¶16. Plaintiff also states that the injuries he sustained arose out of and in the course of employment. *See* Docket No. 40 at ¶19 (Plaintiff injured while "perform[ing] his duties"); *see also* Docket No. 60 at 2:1-2 ("At the time of the incident, Plaintiff was working at a worksite on Naval Base Guam through his employment with [DCK].").

\\

---

[3] Guam's WCL makes up Chapter 9 of Title 22, Guam Code Annotated. *See* 22 G.C.A. §§ 9101 *et seq*.
[4] The Supreme Court of Guam has specifically held that this exclusivity provision bars negligence claims. *See generally Gibbs v. Holmes*, 2001 Guam 11.

As for whether DCK "obtained the coverage prescribed by the statute" (*Villalon*, 2001 Guam 5 at ¶10) or "fail[ed] to secure payment of compensation as required" (22 G.C.A. § 9106), the question is whose burden it is to make the appropriate statement of fact. It could be Plaintiff's burden, in his complaint, to *affirmatively plead* that DCK "fail[ed] to secure payment of compensation as required"—or it could be DCK's burden to assert *and prove* that it "obtained the coverage prescribed by the statute." If the former, the Motion might succeed; if the latter, the Motion cannot succeed, because it contains no evidence.[5]

Most courts that have considered the issue have held that when a complaint contains facts suggesting WCL coverage (by, for example, alleging an employer-employee relation, as well as facts suggesting injury in the course of employment), the plaintiff must *affirmatively plead* the non-availability of a WCL remedy in order to sue his employer in tort. *See*, *e.g.*, *Doney v. Tambouratgis*, 587 P.2d 1160, 1163-64 (Cal. 1979); *Roberts v. Cadco Builders*, 694 So. 2d 845, 846 (Fla. Dist. Ct. App. 1997); *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994); *O'Rourke v. Long*, 359 N.E.2d 1347, 1353 (N.Y. 1976). *Cf. Sobczak v. Flaska*, 706 N.E.2d 990, 994-95 (Ill. App. 1998) (though it is generally up to the employer to plead WCL immunity as an affirmative defense in a tort suit, no waiver of this defense will be found where the complaint shows an employer-employee relationship and a nexus between plaintiff's injuries and his duties as a company employee). *See also* 6 LEX K. LARSON, LARSON'S WORKERS' COMPENSATION §100.01[2] ("In a tort action by an employee to recover damages for a work-related injury, the employer has the burden of proving the affirmative defense that the plaintiff was an employee entitled only to workers' compensation. . . . [unless] the employer-employee relation is shown in plaintiff's complaint [or] plaintiff admits that his or her injuries arose out of employment with the defendant."); 82 AM. JUR. 2D *Workers' Compensation* § 77 ("When an employee covered by a workers' compensation statute brings a tort action to recover damages for a work-related injury, the employer . . . carries the burden of proving that the worker was subject to the compensation act and that the act's remedy is exclusive

---

[5] Put differently, the issue is whether DCK properly brought a motion to dismiss, or whether it should have brought a motion for summary judgment, or perhaps something else.

as to the employee. . . . [unless] the worker admits that he or she was injured during the course of employment.").

The Supreme Court of Guam has not considered this issue, and so has not had opportunity to pass on the authorities cited above. However, "[w]hen a decision turns on applicable state law and the state's highest court has not adjudicated the issue, a federal court must make a *reasonable determination* of the result the highest state court would reach if it were deciding the case." *Medical Lab. Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002) (emphasis added). To do so, the federal court looks to "intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *McCoy v. Chase Manhattan Bank, USA*, 559 F.3d 963, 970 (9th Cir. 2009).

"[T]o the extent that the New York worker's compensation statutes contain provisions that are either identical or substantially similar to Guam's statutes, [the Supreme Court of Guam] find[s] New York law to be persuasive." *Gibbs*, 2001 Guam 11, ¶15. Here, the relevant New York statute is substantially similar to the Guam statute. *Compare* N.Y. WORKERS' COMP. LAW § 11 *with* 22 G.C.A. § 9106.

The court therefore thinks that a "reasonable determination" is that the Supreme Court of Guam would follow New York law and hold that when a complaint contains facts suggesting WCL coverage, the plaintiff must affirmatively plead the non-availability of a WCL remedy in order to sue his employer in tort. *See O'Rourke*, 359 N.E.2d at 1353; *see also* 52 N.Y. JUR. 2d *Employment Relations* § 356 ("If an action is brought, the plaintiff has the burden to plead and prove the non-availability of workers' compensation benefits or coverage.").[6]

Again, Plaintiff has alleged that DCK is, or was at the relevant time, his employer (*see* Docket No. 40 at ¶16) and that the injuries he sustained arose in the course of employment (*see*

---

[6] This result makes sense. Part of the purpose of any WCL is to keep injured-employee-versus-employer disputes in specialized tribunals and out of the courts—so that injured employees get speedy, certain compensation, while employers get relief from uncertain litigation risks. A rule to the effect that plaintiffs with access to WCL remedies could sue their employers without alleging the non-availability of such remedies would undercut that purpose. It would also create significant rent-seeking opportunities.

Docket No. 40 at ¶19; *see also* Docket No. 60 at 2:1-2). However, Plaintiff has *not* alleged the non-availability of a WCL remedy. It follows that, in his negligence counts, Plaintiff has failed to state claims upon which relief may be granted.[7]

Thus, Counts I-III are dismissed as to DCK. Plaintiff has leave to amend these counts.

### B. Count IV

Count IV alleges negligent "and/or" intentional infliction of emotional distress.

To the extent that Count IV alleges *negligent* infliction of emotional distress, it is dismissed as to DCK on the basis of the analysis given just above (in Section IV(A)).

To the extent that Count IV alleges *intentional* infliction of emotional distress, the above analysis does not apply, because intentional torts skirt the exclusivity provision of Guam's WCL. *See* 22 G.C.A. §§ 9103(m), 9106; *see also Shim v. Vert Const. Co.*, No. 91-00019A, 1991 WL 255832, at *2 (D. Guam App. Div. Nov. 18, 1991). However, Count IV—like all others—must be plead in accordance with the requirements of *Twombly* and *Iqbal*.

The elements of intentional infliction of emotional distress ("IIED") are: (1) extreme and outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional distress, on the plaintiff's part; and (4) actual and proximate causation of that emotional distress. RESTATEMENT (SECOND) OF TORTS § 46 (1965).

The factual matter that Plaintiff alleges in support of the IIED claim is that "DCK was aware that the aforementioned scaffold was unsafe for use but still directed Plaintiff to use and come into contact with the scaffold, intending to harm Plaintiff" (Docket No. 40 at ¶20), and that Plaintiff suffers "emotional distress, loss of consortium, and is permanently and totally disabled as a result of his injuries" (*id*. at ¶21).

---

[7] It may be argued that what this analysis really shows is that the court lacks subject-matter jurisdiction over Plaintiff's negligence claims, as they are alleged, in which case DCK should have moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. However, the defense DCK is relying on can be waived, which suggests that it is not quite jurisdictional in nature. *See* LARSON'S WORKERS' COMPENSATION §100.01[2]; *Murray v. City of New York*, 372 N.E.2d 560, 563 (1977). *See also Doney*, 587 P.2d at 1163-64 (when a complaint contains facts suggesting WCL coverage and the plaintiff does not plead the non-availability of a WCL remedy, tort claim against employer "is subject to a general demurrer"). *But see* Perry, 637 N.E.2d at 1286 (employer's motion for summary judgment inappropriate; should have brought motion to dismiss for lack of subject-matter jurisdiction).
At any rate, at this stage the court does not think the distinction matters that much.

While Plaintiff's injuries seem adequately plead, the matter concerning DCK's knowledge and intention is conclusory and "not entitled to the assumption of truth." *Iqbal,* 129 S. Ct. at 1950; *cf. In re Park West Galleries, Inc.*, MDL No. 09-2076RSL, 2010 WL 2640249, at *5 (W.D. Wash. June 25, 2010) ("Although an allegation of knowledge or intent is logically an allegation of fact regarding defendant's state of mind, *Iqbal* suggests that such allegations should be disregarded if not supported by additional, more concrete, factual allegations."). As such, it must be disregarded.

Having discarded unsupported legal conclusions, the court now takes any remaining well-plead factual allegations, "assume[s] their veracity and then determine[s] whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. Here, the only well-plead factual allegations are that Plaintiff fell and suffered injuries as a result. These facts do not "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," because they are "merely consistent with"—rather than "suggestive of"—DCK having committed the tort of IIED. *Id*. at 1949, 1959.

Thus, Count IV is dismissed as to DCK. Plaintiff has leave to amend this count.

### **C.** **Count V**

Count V alleges battery.

The elements of battery are: (1) an act by the defendant done with the intention to cause a harmful or offensive contact with the plaintiff's person, and (2) a harmful or offensive contact with the plaintiff's person as a direct or indirect result. RESTATEMENT (SECOND) OF TORTS § 13 (1965).

Count V is dismissed for reasons quite like those given just above, in Section IV(B). The factual matter that Plaintiff alleges in support of the battery claim is the same as that alleged in support of the IIED claim. *See* Docket No. 40 at ¶¶19-21; 51-53. Once again, the only well-plead factual allegations are that Plaintiff fell and suffered injuries as a result. These facts do not "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," because they are "merely consistent with"—rather than "suggestive of"—DCK having committed battery. *Iqbal*, 129 S. Ct. at 1949, 1959.

Thus, Count V is dismissed as to DCK. Plaintiff has leave to amend this count.

### D. Count VI

Count VI "alleges" punitive damages.

"A request for punitive damages is not a separate cause of action and can only be awarded based on a finding of liability for an underlying claim." *Nat'l Union Fire Ins, Co. of Pittsburgh, Pa. v. Guam Housing and Urban Renewal Auth.*, 2003 Guam 19, ¶50. *See also* 22 AM. JUR. 2D *Damages* § 551 ("[T]here is no cause of action for punitive damages by itself; a punitive-damages claim is not a separate or independent cause of action. Rather, a punitive-damages award is an element of recovery, a type of relief, or an additional remedy.") (footnotes omitted); 1 PUNITIVE DAMAGES: LAW AND PRAC. 2d § 6:16 ("Punitive damages are not awarded as an independent theory of recovery.").

Thus, Count VI is dismissed. Plaintiff does *not* have leave to amend this count, because it is not a cause of action. Should Plaintiff prove any substantive claim at trial, he might also be able to prove "oppression, fraud, or malice, express or implied," which would allow him to recover punitive damages in addition to compensatory damages. *See* 20 G.C.A. § 2120.

### E. Count VII

Count VII alleges breach of contract, on the theory that Plaintiff was an intended beneficiary of safety terms in a contract that DCK had with the United States and the Navy.

Courts that have considered the issue have held that a plaintiff may not skirt the exclusivity provision of the relevant worker's compensation statute by recasting a negligence claim as a breach of contract claim, where the contract claim really seeks redress for physical injuries compensable under the statute. *See*, *e.g.*, *Parker v. Westat, Inc.*, 301 F. Supp. 2d 537, 541 (E.D. Va. 2004) (Virginia law); *Roberts v. Circuit-Wise, Inc.*, 142 F. Supp. 2d 211, 218 (D. Conn. 2001) (Connecticut law); *Hurd v. Monsanto Co.*, 908 F. Supp. 604, 611 (S.D. Ind. 1995) (Indiana law); *Brooks v. Windsor Match Plate & Tool, Ltd.*, No. 89-71181, 1989 WL 155690, at *1 (E.D. Mich. Oct. 23, 1989) (Michigan law); *Stoecker v. Brush Wellman, Inc.*, 984 P.2d 534, 537-38 (Ariz. 1999); *Muller v. Automobile Club of So. Cal.*, 71 Cal. Rptr. 2d 573, 585 (Cal. Ct. App. 1998), *overruled on unrelated ground by Colmenares v. Braemar Country Club, Inc.*, 63 P.3d 220 (2003); *Digliani v.*

1 *City of Fort Collins*, 873 P.2d 4, 7-8 (Colo. App. 1993); *Blythe v. Radiometer Am., Inc.*, 866 P.2d 218, 225-26 (Mont. 1993). *See also* 6 LARSON'S WORKERS' COMPENSATION §§100.03[1], -[9] (exclusiveness rule "relieves the employer . . . of liability in contract . . . for an injury covered by the compensation act," and "[its] all-inclusive character . . . results in barring actions for covered injuries even though the plaintiff casts his or her action in the form of a breach of some kind of contract"); Joseph H. King, Jr., *The Exclusiveness of An Employee's Worker's Compensation Remedy Against His Employer*, 55 TENN. L. REV. 405, 490 (1988) ("When, however, an employee suffers a work-related personal injury and alleges that the harm was caused by a breach of contract by his employer, most courts have *correctly* held that the action was barred by the exclusive remedy rule.") (emphasis added).

Once again, the Supreme Court of Guam has not considered the issue, and so has not had opportunity to pass on the authorities cited above. Given the weight of those authorities, though, the court thinks that a "reasonable determination" is that the Supreme Court of Guam would hold that when an employee suffers a work-related personal injury and alleges that the harm was caused by a breach of contract by his employer, the action is merely a tort claim dressed as a contract claim, and so apt to be barred by the exclusive remedy rule. In that light, Count VII is deficient just as Counts I-III are.

Accordingly, Count VII is dismissed. Plaintiff has leave to amend this count.

**F.     Count VIII**

Count VIII, entitled "Direct Action Against Insurers," does not allege anything not alleged elsewhere in the Complaint.

"There cannot, of course, be a recovery against the insurer unless there is liability on the part of the insured." 2 ALLAN D. WINDT, INSURANCE CLAIMS AND DISPUTES § 9:10 n.4 (citing *Degelos v. Fidelity & Cas. Co. of New York*, 313 F.2d 809, 815 (5th Cir. 1963)). *See also Torres-Troche v. Municipality of Yauco*, 873 F.2d 499, 502 (1st Cir. 1989) (direct-action statute merely procedural); *Ruiz Rodriguez v. Litton Industries Leasing Corp.*, 574 F.2d 44, 45-46 (1st Cir. 1978) (same).

Accordingly, Count VIII is dismissed. Plaintiff does *not* have leave to amend this count.

## V. CONCLUSION

For the reasons set forth above, the Motion is hereby **GRANTED**.

**TWO COUNTS ARE DISMISSED WITHOUT LEAVE TO AMEND**, because amendment would be futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). These are (1) Count VI, because it is not a cause of action; and (2) Count VIII, because it is not a cause of action, but merely a citation of a procedural statute that enables Plaintiff to name DCK's insurer(s) in any substantive claim(s) he may have against DCK.

The **REMAINING COUNTS ARE DISMISSED WITH LEAVE TO AMEND**. In the case of the negligence claims and the contract claim, this is done to permit Plaintiff to allege the non-availability of a Guam WCL remedy. In the case of the intentional tort claims, this is done to permit Plaintiff to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

As always, leave to amend is granted subject to the constraints of Rule 11 of the Federal Rules of Civil Procedure.[8]

Plaintiff shall file his Third Amended Complaint, if at all, by 3 p.m. on Wednesday, January 6, 2011.

**SO ORDERED**.

/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Dec 15, 2010

---

[8] The court is skeptical that Plaintiff can amend his negligence claims and his contract claim in keeping with Rule 11, because evidence outside the Complaint—including Plaintiff's own evidence—seems to indicate not only that WCL remedies *were* available to Plaintiff, but also that he has in fact availed himself of them. *See* Docket No. 46, Exh. A, at 20-25; Docket No. 59, Exh. 2.
  Of course, the court did not consider that evidence in deciding the instant motion. *See, e.g.*, *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (extraneous evidence that no party has referred to cannot be considered in ruling on a motion to dismiss).